**Electronically Filed
Supreme Court
SCWC-12-0001007
04-MAR-2016
08:09 AM**

SCWC-12-0001007

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

WILLIAM A. KERNSTOCK,
Petitioner/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0001007; CASE NO. 1DTA-12-03599)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant William A. Kernstock

seeks review of the Intermediate Court of Appeals' (ICA) August

19, 2014 Judgment on Appeal, entered pursuant to its July 15,

2014 Summary Disposition Order, which affirmed the District

Court of the First Circuit's (district court) October 16, 2012

Notice of Entry of Judgment and/or Order and Plea/Judgment

(district court judgment).[1] The district court found Kernstock guilty of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawai'i Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2010).[2] This court accepted Kernstock's Application for Writ of Certiorari, and we now vacate the ICA's Judgment on Appeal and the district court judgment and remand the case to the district court for further proceedings.

After being arrested for OVUII, Kernstock was taken to the police station, where he was read an implied consent form.[3]

---

[1]     The Honorable Paul B.K. Wong presided.

[2]     HRS § 291E-61(a)(3) (Supp. 2010) provides in relevant part:

(a)   A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

        (3)   With .08 or more grams of alcohol per two hundred ten liters of breath. . . .

[3]     The form read in relevant part:

1. ___   Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons [sic] breath, blood or urine as applicable.

2. ___   You are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content.

3. ___   You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given [sic], except as provided in section 291E-21.  However, if you refuse to submit

2

Kernstock elected to take a breath test, which resulted in a breath alcohol content reading of 0.131 grams of alcohol per 210 liters of breath.  In his motion to suppress the breath test results before the district court and on certiorari, Kernstock contends that (1) his Miranda rights under Article I, Section 10 of the Hawaiʻi Constitution were violated when, while in custody, he was asked by the police, without Miranda warnings, if he wanted to refuse to take a blood alcohol test, which was likely to incriminate himself; (2) his statutory right to an attorney was violated; and (3) the wording of the implied consent form misinformed Kernstock of the sanctions.[4]  Kernstock noted in his Application that this court had accepted certiorari in State v. Won, SCWC-12-858, and he contended that the court's ruling in Won would "ultimately decide what happens in the present case."

In State v. Won, 136 Hawaiʻi 292, 312, 361 P.3d 1195, 1215 (2015), we held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a

---

to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable.  In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

[4]    Included in this third argument raised before the district court and the ICA, Kernstock contended that the police officers' warnings and advisements based on the implied consent form were coercive and that he did not knowingly and voluntarily submit to the breath alcohol testing.  The district court denied his motion to suppress, and the ICA affirmed the district court's ruling.

free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched." In accordance with State v. Won, the result of Kernstock's breath test was the product of a warrantless search, and the ICA erred by concluding that the district court properly denied Kernstock's motion to suppress the breath test result. Accordingly, Kernstock's OVUII conviction cannot be upheld.

IT IS HEREBY ORDERED that the ICA's August 19, 2014 Judgment on Appeal and the district court judgment are vacated, and the case is remanded to the district court for further proceedings consistent with this court's opinion in State v. Won.

DATED: Honolulu, Hawai'i, March 4, 2016.

Jonathan Burge
for petitioner

Brian R. Vincent
for respondent

Robert T. Nakatsuji
for amicus curiae
Attorney General of
the State of Hawai'i

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



4